Dear Ms. Tucker:
You ask this office to advise whether or not state law prohibits a member of the Friends of the St. Charles Parish Library to also serve as a member of the St. Charles Library Board of Control (the Board).
Your inquiry prompts a review of the Dual-Officeholding and Dual Employment Laws, R.S. 42:61, et seq. These statutes govern the legality of the holding of two or more public offices and/or employments. The terms "elective office", "appointive office" and "employment" are specifically defined by R.S. 42:62 as follows:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, and which not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointed office, in which a *Page 2 
person is an employee of the state government or of a political subdivision thereof.
While a member of the Board holds "appointive office" pursuant to R.S.25:214[1], a member of the Friends of the St. Charles Library, a nonprofit organization, does not hold public employment, nor appointive or elective office as defined by R.S. 42:62. Because these facts do not contemplate the holding of two or more positions of public office or employment, the prohibitions of the dual officeholding laws are inapplicable.
Our legal opinion is limited to an examination of the dual officeholding law. Any questions concerning the Code of Governmental Ethics should be forwarded to the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, LA 70808, phone 225-763-8777.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:___________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] R.S. 25:214(B) states:
The governing authority of the parish shall, in the ordinance creating a public library, name and appoint, at its option, not less than five citizens nor more than seven citizens of the parish as a board of control for such parish library to serve for terms of one, two, three, four, and five years, the successors of whom shall each be appointed for a term of five years. The president of the police jury shall be ex officio, a member of the board of control for such public library, provided however that the president of the police jury shall have the right to designate another member of the governing authority of the parish to serve in his place and stead on the board of control of such public library.